51 F.3d 275
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
BAECO PLASTICS, INC., Plaintiff-Appellant,
v.
INACOMP FINANCIAL SERVICES, INC., and Inacomp Computer
Centers, Inc., Defendants-Appellees.
 No. 94-3391.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 27, 1995.*
Decided March 29, 1995.
 
 EASTERBROOK, KANNE, Circuit Judges, and STIEHL, District Judge.**
 Order
 Baeco Plastics sued Inacomp Financial Services and Inacomp Computer Centers for fraud, contending that they deceived it about the computer systems and training they had furnished under a financing lease and supplemental agreement. Inacomp Financial counterclaimed for payments due on the lease. After a bench trial, the district court concluded that Baeco must satisfy its obligations on the lease and is not entitled to recover on its own claim. Later the court awarded Inacomp Financial more than $170,000 in attorneys' fees under a clause in the lease providing for this remedy if collection efforts were necessary.
 1. Baeco contends that it was entitled to a jury trial. It has, however, waived its right to contest the decision. Its brief, which devotes less than three pages to the question, does not cite a single case and misrepresents the standard of review. Baeco's reply brief, by contrast, devotes eight pages to the issue and cites 22 cases. This is no way to litigate. A party's principal argument must appear in the opening brief, so that it may be answered. A litigant may not throw down a gauntlet in the opening brief and reserve its argument for the reply brief. Baeco has waived any entitlement to appellate consideration. United States v. Giovannetti, 919 F.2d 1223, 1230 (7th Cir.1990).
 At all events, Baeco did not request a jury trial in its complaint or in response to the counterclaim. It first demanded a jury trial seven months after answering the counterclaim, well in excess of the ten-day period allowed by Fed.R.Civ.P. 38(b). Although Baeco amended its complaint contemporaneously with the jury demand, the original complaint included the substance of the amended complaint. The district judge was entitled to see through this maneuver and to treat it as an effort to evade the deadline in the rules. The judge did not abuse his discretion.
 2. The district court awarded Inacomp Financial its attorneys' fees. Baeco protests that the lease provides compensation only to Inacomp Financial, but that the fees in this litigation were paid by Inacomp Financial's parent corporation, InaCom Corp., and that Inacomp Financial therefore has no recoverable outlay. This assertion is untenable.
 In the district court, Baeco asserted that all of the Inacomp entities operate as a single corporation. This is why Baeco sued Inacomp Financial for a fraud supposedly perpetrated by Inacomp Computer Centers. If as Baeco believes the corporations are a single entity, then it is irrelevant which firm within the corporate family wrote the checks to the lawyers. The lease requires a defaulting lessee to pay the costs of litigation; how the lessor allocates expenses within its own corporate group does not alter the lessee's undertaking to pay. If, however, the firms have observed all corporate formalities (as the defendants insist), then the payments by InaCom Corp. create a debt on the books of Inacomp Financial. That situation is no different from what would prevail if Inacomp Financial had borrowed from a bank to finance the litigation. One way or the other, Baeco must make good on its promise to reimburse the costs of litigation.
 Baeco cannot avoid this obligation just because some of the costs were incurred in responding to its allegation of fraud. The district court concluded that Baeco used the claim of fraud to deflect or deter the collection efforts; the court thus was entitled to treat the entire undertaking as a single collection suit. See Carefree Foliage, Inc. v. American Tours, Inc., 153 Ill.App.3d 190, 505 N.E.2d 1039 (1st Dist.1987); Exchange National Bank v. Daniels, 763 F.2d 286, 294 (7th Cir.1985).
 3. Because of the contractual provision shifting costs and fees to Baeco, Inacomp Financial is entitled to be reimbursed for the legal expenses incurred in defending this appeal. The case is remanded to the district court for the purpose of determining these outlays and adding them to the judgment.
 AFFIRMED AND REMANDED.
 
 
 
 *
 This case originally was set for argument on March 27, 1995, but after reviewing the briefs the panel tentatively concluded that oral argument would not be helpful. An appropriate notice was issued under Fed.R.App.P. 34(a) and Circuit Rule 34(f). Neither side responded to the notice, so the case is submitted for decision on the briefs and record
 
 
 **
 Of the Southern District of Illinois, sitting by designation